# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BEACH SALES & ENGINEERING LLC<br>1500 West 4th Street<br>Suite R<br>Mansfield, Ohio 44906<br><br>**Plaintiff,**<br><br>v.<br><br>**TELEBRANDS CORP.**<br>Address 1:<br>79 Two Bridges Road<br>Fairfield, New Jersey 07004<br><br>Address 2:<br>One Telebrands Plaza<br>Fairfield, New Jersey 07004<br><br>**Defendant.** | CASE NO.<br><br>JUDGE:<br><br><br><br><br><br>COMPLAINT FOR DECLARATORY<br>JUDGMENT OF NON-INFRINGEMENT<br>OF U.S. PATENT NOS. 7,743,528,<br>8,132,287, AND 8,347,519.<br><br>JURY DEMAND ENDORSED HEREON |

Plaintiff Beach Sales & Engineering LLC ("Plaintiff" or "Beach") brings this Complaint seeking a declaration of non-infringement, both direct and indirect, of United States Patent Nos. 7,743,528 (the "'528 Patent"), 8,132,287 (the "'287 Patent), and 8,347,519 (the "'519 Patent") against Defendant Telebrands Corp. ("Defendant" or "Telebrands"), and states as follows:

## THE PARTIES

1. Beach is an Ohio limited liability company which has its principal place of business located at 1500 West Fourth Street, Suite R, Mansfield, Ohio 44906. Beach is in the business of manufacturing, selling, and marketing certain products, including but not limited to the products at issue in this lawsuit.

1

2. Telebrands is a New Jersey corporation which has its principal place of business located at 79 Two Bridges Road, Fairfield, New Jersey 07004.

3. Telebrands asserts that it is a leading direct television marketing company and the original creator of the "As Seen On TV" logo. Telebrands asserts that, since 1987, it has engaged in the business of marketing and selling a variety of consumer products throughout the United States, principally through direct response advertising and through national retail stores. Telebrands asserts that it is one of the recognized leaders in the direct response television marketing industry. Telebrands asserts that some of its most successful products are AmberVision sunglasses, PedEgg foot file, PediPaws pet nail trimmer, Stick Up Bulb, Olde Brooklyn Lantern, OrGreenic Cookware, Pocket Hose, and the Stone Wave microwave cooker.

## JURISDICTION AND VENUE

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 and under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. In addition, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338, in that this is an action between the citizens of different States (with an amount in controversy exceeding $75,000).

5. This Court possesses general and personal jurisdiction over Telebrands because Telebrands does business in the State of Ohio and sells and markets its products in the State of Ohio. Upon information and belief, Telebrands has maintained continuous and systematic contacts with the State of Ohio and has taken specific actions in the State of Ohio and in the Northern District of Ohio relevant to this matter, including marketing and selling its products in the State of Ohio and in this judicial district. Additionally, as discussed herein, Telebrands, through its counsel, has issued correspondence addressed to Beach at its principal place of

business, demanding that Beach cease and desist manufacturing and selling the products at issue under the trademark "CYCLOMOP®," which has caused deleterious effects to Beach in the State of Ohio.

6. Venue is proper in this Court under 28 U.S.C. § 1391 and 28 U.S.C. § 1400 because Telebrands is subject to personal jurisdiction in this judicial district and Telebrands has and is selling and marketing its products, and performing the actions set forth herein, in this judicial district.

**FACTUAL BACKGROUND**

7. Beach has invented and developed a product known as the CYCLOMOP®, which Beach manufactures, sells, and markets. Generally, the CYCLOMOP® is a commercial grade spin mop and rinsing and drying bucket which quickly and effectively cleans up dirt, dust, and other spills from marble, tile, laminate, vinyl, wood floors, and other hard surfaces.

8. On or about November 4, 2014, Beach received a letter (dated November 3, 2014) from counsel representing Telebrands (the "November 3, 2014 Letter"), a copy of which is attached hereto as "**Exhibit A.**" In the November 3, 2014 Letter, Telebrands asserted that it owns exclusive rights to the '528 Patent, the '287 Patent, and the '519 Patent.

9. In the November 3, 2014 Letter, Telebrands alleged that the CYCLOMOP® infringes at least one claim of the '528 Patent, the '287 Patent, and the '519 Patent, and demanded that Beach immediately cease and desist from directly or indirectly manufacturing, having manufactured, using, importing, selling, offering to sell, distributing, and/or otherwise marketing the CYCLOMOP®.

10. In the November 3, 2014 Letter, Telebrands further demanded that: (1) Beach immediately cancel any and all orders placed or received for the CYCLOMOP®; (2) provide

Telebrands with the identity of any manufacturers, suppliers, and/or other sources from whom the CYCLOMOP® was obtained; (3) provide to Telebrands copies of all purchase orders and invoices for the CYCLOMOP®; and (4) provide to Telebrands the gross revenue Beach has received from its activities concerning the CYCLOMOP®.

11. In the November 3, 2014 Letter, Telebrands demanded "compliance" with its demands by November 17, 2014 or else Telebrands would reserve the right to take any and all legal action to protect its alleged rights.

12. Copies of the '528 Patent, the '287 Patent, and the '519 Patent are respectively attached hereto as "**Exhibit B**," "**Exhibit C**," and "**Exhibit D**."

13. Contrary to Telebrands' contentions, the CYCLOMOP® does not infringe the claims of the '528 Patent, the '287 Patent, or the '519 Patent.

## COUNT ONE
### (Declaratory Judgment)

14. Beach incorporates by reference the preceding paragraphs as if fully set forth herein.

15. This action is brought pursuant to 28 U.S.C. § 2201, the patent laws of the United States, and Rule 57 of the Federal Rules of Civil Procedure.

16. Telebrands has accused Beach of patent infringement and has threatened Beach with litigation in which the amount in dispute would exceed $75,000. The value to Beach of resolving Telebrands' allegations of infringement exceeds $75,000. Beach denies any and all such allegations.

17. A justiciable controversy exists between Beach and Telebrands regarding whether the CYCLOMOP® infringes the '528 Patent, the '287 Patent, and/or the '519 Patent.

18. A judicial determination is necessary to determine the parties' respective rights regarding the '528 Patent, the '287 Patent, and the '519 Patent.

19. Beach seeks and is entitled to a judgment declaring that the CYCLOMOP® does not infringe the '528 Patent, the '287 Patent, or the '519 Patent.

### PRAYER FOR RELIEF

**WHEREFORE**, Beach prays for judgment against Telebrands as follows:

(a) Declaring that the CYCLOMOP® does not infringe the '528 Patent, the '287 Patent, or the '519 Patent;

(b) Declaring judgment in favor of Beach on Count One of this Complaint;

(c) Finding that this is an exceptional case under 35 U.S.C. § 285;

(d) Awarding Beach its costs and attorney's fees in connection with this action; and

(e) Such further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ James C. Scott
James C. Scott (#0053414)
James M. Wherley, Jr. (#0073932)
Whitney L. Willits (#0089728)
Black, McCuskey, Souers & Arbaugh
220 Market Avenue, South
Suite 1000
Canton, OH 44702
Ph: 330-456-8341
Fax: 330-456-5756
Email: jscott@bmsa.com
jwherley@bmsa.com
wwillits@bmsa.com

*Counsel for Plaintiff Beach Sales & Engineering LLC*

## **JURY DEMAND**

Plaintiff Beach Sales & Engineering LLC hereby demands and requests trial by jury of all issues so triable.

        Respectfully submitted,

        /s/ James C. Scott
        James C. Scott (#0053414)
        James M. Wherley, Jr. (#0073932)
        Whitney L. Willits (#0089728)
        Black, McCuskey, Souers & Arbaugh
        220 Market Avenue, South
        Suite 1000
        Canton, OH 44702
        Ph: 330-456-8341
        Fax: 330-456-5756
        Email: jscott@bmsa.com
                jwherley@bmsa.com
                wwillits@bmsa.com

        *Counsel for Plaintiff Beach Sales & Engineering LLC*

175463