UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BEACH SALES & ENGINEERING LLC,** | ) ) ) | **CASE NO.1:14CV2516** |
| **Plaintiff,** | ) ) | **JUDGE CHRISTOPHER A. BOYKO** |
| Vs. | ) ) ) | |
| **TELEBRANDS, CORP.,** | ) ) | **OPINION AND ORDER** |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Telebrands, Corp.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, to Transfer to the District of New Jersey Pursuant to 28 U.S.C. § 1404(a) (ECF # 7). For the following reasons, the Court grants, in part, Defendant's Motion and transfers the case to the District Court of the District of New Jersey for further adjudication.

## Background Facts

On November 14, 2014, Plaintiff Beach Sales & Engineering, LLC ("Beach") filed this action seeking a Declaratory Judgment that its product, the CYCLOMOP, does not infringe on patents owned by Defendant Telebrands, Corp. ("Telebrands"). According to

Plaintiff's Complaint, Plaintiff is an Ohio company that manufactures, markets and sells a number of products, including the CYCLOMOP.  Telebrands is a New Jersey company that holds a number of patents, including United States Patent Nos. 7,743,528 ("'528"), 8,132,287 ("'287") and 8,347,519 ("'519").  On or about November 3, 2014, Beach received a letter from Telebrands demanding Beach cease and desist from directly or indirectly manufacturing, marketing and selling the CYCLOMOP, a commercial grade rinse and spin mop and rinsing and drying bucket.  The cease and desist letter from Telebrands alleged that the CYCLOMOP infringes on Telebrands' patents, demanded Beach Sales stop manufacturing, selling and distributing the CYCLOMOP and ordered Beach to comply by November 17, 2014, or else Telebrand reserved the right to pursue legal action.

Three days before the Telebrand deadline, Beach  filed this action, a one count Complaint seeking a Declaratory Judgment from the Court that the CYCLOMOP does not infringe Telebrands' patents.  On November 17, 2014, Telebrands filed a coercive suit in the District Court of the District of New Jersey.

## LAW AND ANALYSIS

Telebrand moves the Court to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) or transfer under 28 U.S.C. § 1404(a).  "A motion to dismiss in a declaratory judgment action is considered a factual attack on subject matter jurisdiction." *Google, Inc. v. EMSAT Advanced Geo-Location Tech., LLC*, No. 4:09CV1243, 2010 WL 55685, *2 (N.D. Ohio Jan. 4, 2010) (citing *3D Sys. v. Envisiontec, Inc.*, 575 F. Supp. 2d 799, 804 (E.D. Mich. 2008)).  On such a motion, the Court does not need to presume the truthfulness of the pleadings.  *Google*, 2010 WL 55685, at *1; see also *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78

F. 3d 1125, 1134-1135 (6th Cir. 1996).  "In reviewing such motions, a district court has wide discretion to allow affidavits [and] documents [. . . .]" *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F. 2d 320, 325 (6th Cir. 1990)).  The Declaratory Judgment Act is not an independent basis of subject matter jurisdiction, but rather is a remedial statute.  See *Toledo v. Jackson*, 485 F. 3d 836, 839 (6th Cir. 2007).  Instead, subject matter jurisdiction is claimed under 28 U.S.C. §§ 1331, 1332 and 1338(a).

With a coercive action pending in United States District Court of the District of New Jersey, Telebrands seeks the dismissal or transfer of the present declaratory judgment action.  Under the Declaratory Judgment Act, "any court of the United States, upon filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added).  The Declaratory Judgment Act allows the Court to exercise jurisdiction over a declaratory judgment action, but the Court is not required to do so.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).  "There must be well-founded reasons for declining to entertain a declaratory judgment action." *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962).

The Sixth Circuit adopted a five-factor test in *Grand Trunk Western R. Co. v. Consolidated Rail Corp.* to determine the appropriateness of exercising jurisdiction over declaratory actions. 746 F. 3d 323 326 (6th Cir. 1984).  There is some question whether the Court must apply Sixth Circuit or Federal Circuit law.  Because this is a case concerning patent infringement, the Federal Circuit Court of Appeals has exclusive jurisdiction over final decisions.  28 U.S.C. § 1295.  However, the Federal Circuit applies the law of the regional circuit on ordinary procedural matters and Federal Circuit law on matters unique to patent

law.  *Vivid Tech., Inc. v. Am. Sci. & Eng'g., Inc.*, 200 F.3d 795, 807 (Fed Cir. 1999).  Courts in this district, including this Court, have applied Sixth Circuit law.  See *Foundations Worldwide, Inc. v. Oliver & Tate Enterprises, Inc.,* No.1:13CV506, 2013 WL 4054636 (N.D. Ohio Jan. 4, 2010).  In *Foundations*, this Court applied Sixth Circuit law but in an abundance of caution also considered Federal Circuit precedent in reaching its decision.

In reviewing the present caselaw, the Court holds that in fact, Federal Circuit law governs this matter.  The Federal Circuit has expressly held, "We prefer to apply in patent cases the general rule whereby the forum of the first-filed case is favored, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise.  The general rule favors the forum of the first-filed action, whether or not it is a declaratory action.  Exceptions, however, are not rare, and are made when justice or expediency requires, as in any issue of choice of forum."  *Genentech, Inc. v. Eli Lilly and Co.* 998 F.2d 931, 937 (Fed. Cir. 1993)(overruled on other grounds).   In so holding, the Federal Circuit held, "although matters of procedure do not always carry substantive weight, the regional circuit practice need not control when the question is important to national uniformity in patent practice." *Id.*   "The question whether to accept or decline jurisdiction in an action for a declaration of patent rights in view of a later-filed suit for patent infringement impacts this court's mandate to promote national uniformity in patent practice. Because it is an issue that falls within our exclusive subject matter jurisdiction, we do not defer to the procedural rules of the regional circuits nor are we bound by their decisions." *Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345 -1346 (Fed Cir., 2005).  Because the Federal Circuit has held that its mandate to promote uniformity in patent

4

law includes the appropriate test for determining when a district court should exercise its discretion to hear a first-filed declaratory judgment action over a later filed coercive suit, the Court acknowledges that the Federal Circuit has expressly reserved this question as falling under its mandate.

In *Genentech,* the Federal Circuit described the appropriate factors a court should consider when deciding a motion to dismiss in a first-filed declaratory judgment action.

> [T]he trial court's discretion tempers the preference for the first-filed suit, when such preference should yield to the forum in which all interests are best served. *Id.* at 184, There must, however, be sound reason that would make it unjust or inefficient to continue the first-filed action. Such reason may be the convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest. The Court cautioned against "rigid mechanical solution[s]" to questions of forum, stressing the importance of conservation of judicial resources and the comprehensive disposition of litigation.

Another factor for courts to consider is whether the declaratory suit was intended to preempt another party's infringement suit.  See *Coyle*, 394 F.3d at 1348.  A party's intention to preempt another's patent infringement suit may be considered in ruling on a dismissal of a declaratory action, but a court must also consider other factors.  *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F. 3d 897, 904 (Fed. Cir. 2008).

Against this backdrop, the Court will apply the Federal Circuit holding in *Genentech* to determine the Motion to Dismiss.  These factors significantly overlap the Sixth Circuit factors the Court previously applied with the exception that the first-filed rule in declaratory judgment actions is disfavored in the Sixth Circuit but favored in the Federal Circuit.  Furthermore, they also overlap the factors a court must consider on a motion to transfer brought under 28 U.S.C. § 1404(a).  See *Micron Technology, Inc. v. Mosaid Technologies,*

5

*Inc.* 518 F.3d 897, 904 -905 (Fed Cir. 2008)( "this court notes that when the discretionary determination is presented after the filing of an infringement action, the jurisdiction question is basically the same as a transfer action under § 1404(a).").[1]

However, "a transfer under section 1404(a) may not be granted when the district court does not have personal jurisdiction over the defendants." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993). Defendant does not allege, nor do the parties contend, that the Court lacks personal jurisdiction over Defendant. Therefore, §1404(a) applies.

**Anticipatory Suit**

There is no dispute that the declaratory judgment action was filed in response to the cease and desist letter, dated November 3, 2014, sent by Telebrands to Beach. That letter states in pertinent part:

> We demand compliance with the foregoing requirements by November 17, 2014. If we do not receive your written assurances by then that you have ceased all infringing activities and that you intend to comply with all of our demands, we reserve our right to take any and all legal action to protect our clients' rights.

By filing this suit on November 14, 2014, three days before the expiration of time set by

---

[1] "When ruling on a motion to transfer pursuant to *28 U.S.C. § 1404(a),* the Court considers 'the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Espey & Associates, Inc. v. Principal Mfg. Corp.* 2009 WL 721740, 1 (N.D.Ohio,2009) *quoting Moses v. Bus. Card Express, Inc.,* 929 F.2d 1131, 1137 (6th Cir.1991); *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 30 (1988)). "The Court must also give some weight to the plaintiffs' choice of forum." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas* 134 S.Ct. 568, 581 (2013).

Telebrands for compliance with the cease and desist letter, Beach engaged in forum shopping by filing before the expiration of deadline set by Telebrands. This does not amount to inequitable conduct or bad faith since there is no evidence Beach made any misrepresentations or delayed Telebrand in order to beat them to the Court, so although this factor weighs in favor of transfer, this is but one factor to be considered.

**Convenience of Parties and Availability of Witnesses**

This factor favors Telebrands because Telebrands coercive suit, presently pending in New Jersey includes claims brought against Speedy Sweep, Inc., an alleged customer/distributor of the CYCLOMOP for Beach, in New Jersey. Speedy is a Massachusetts company. There is no evidence that this Court could exert personal jurisdiction over Speedy, therefore, Telebrand would have to continue litigating its suit in New Jersey against Speedy while simultaneously defending this action and asserting its claims here in Ohio. This militates in favor of transfer to New Jersey.

**Absence of Jurisdiction over Parties or Consolidation with Related Litigation**

This factor weighs in favor or transfer because of the likelihood of multiple litigation. The Federal Circuit has held that judicial economy is an important consideration when deciding whether to maintain a Declaratory Judgment action over a later filed coercive suit. Here, the presence of a third party in the later filed suit means that regardless of the decision in this case, the New Jersey action will proceed. Thus, judicial economy weighs in favor of transfer to New Jersey since all claims will be litigated in one action.

**Interests of Justice**

This factor favors transfer because Telebrands has pending in New Jersey an additional patent infringement action on the same patent at issue in this case against another allegedly infringing company. That action, along with the coercive suit between these parties and a third party as described above, are all pending before the same New Jersey District Court judge. If this Court were to exercise its discretion and keep this Declaratory Judgment action it would present a situation wherein two judges would render two claim construction rulings and two juries would determine infringement issues on the same patent. This would be a classic case of a waste of judicial resources and could potentially lead to conflicting rulings.

Therefore, the Court finds transfer is appropriate under 28 U.S.C. § 1404(a) and orders this action transferred to the District Court of the District of New Jersey for further adjudication.

IT IS SO ORDERED.

                                        s/ Christopher A. Boyko
                                        CHRISTOPHER A. BOYKO
                                        United States District Judge

Dated: April 28, 2015